Balmer v. Nash

NORMAN L. BALMER AND WIFE, CAROLYN A. BALMER v. MICHAEL L. NASH AND WIFE, ARLENE M. NASH

No. 8214SC1277

(Filed 6 December 1983)

1. Sales § 6; Vendor and Purchaser § 6— unsuitability of property for septic tank—no breach of implied warranty

> The trial court properly denied plaintiffs' claim for breach of implied warranty in the sale of a lot because restrictive covenants limited use of the lot to residential purposes and a necessary septic tank system could not be approved for the property where the evidence showed that the fact that the lot was not suitable for a septic tank system was reasonably discoverable by plaintiffs in that they lived on an adjoining lot and knew the property was gullied and sloped, and plaintiffs could have asked the county health department to make a determination as to whether a septic tank system could be approved for the lot.

2. Cancellation and Rescission of Instruments § 4— lot sold for residential purposes—inability to support septic tank system—no mutual mistake

> A sale of land was not subject to rescission on the ground of mutual mistake because restrictive covenants limited the use of the land to residential purposes, the land could not be used for such purposes because a septic tank system could not be approved for the land, and such fact was unknown to the grantors and grantees at the time of the conveyance.

PLAINTIFFS appeal from *Godwin, Judge.* Judgment entered 27 October 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 25 October 1983.

This action for rescission was brought against defendants for breach of an implied warranty and mutual mistake. The property which is the subject of this lawsuit is Lot No. 4 and the western portion of Lot No. 5 of the Chicopee Hills Subdivision located in Durham County. The property, which is gullied and sloped and which contains a wet weather creek, is subject to restrictive covenants limiting its use until the year 2000 to that of residential purposes only. In order for this property to be used for residential purposes under G.S. 130-160, it must have "an approved privy, an approved septic tank system or connection to a public or community sewage system." There presently is no public or community sewage system to which a residence on the property could be connected. Use of the property for residential purposes would, therefore, require an approved privy or an approved septic tank system.

On 23 April 1973 defendant entered into a contract to purchase the property from Charles Woodall and wife. Defendants made their offer to purchase subject to "adequate percolation and approval of the Durham Health Inspector" and engaged the Durham County Health Department to test the property and determine whether a septic tank sewage system could be approved for the property. On 5 June 1973 the sanitation supervisor of the department notified defendants by letter that a septic tank system could be installed. Defendants did not construct a residence on the property, but moved from North Carolina to Georgia.

In August of 1977 plaintiffs, then the owners of a residence situated on an adjoining lot, bought the property. Before purchasing the property, plaintiffs were not aware of the 1973 letter from the Durham County sanitation supervisor. They had not sought the advice of the health department or anyone else as to whether an on-site sewage system could be approved for a dwelling constructed on the property, nor had they had conducted tests on the property to determine whether such a system could be approved.

Effective 1 July 1977, North Carolina state law was changed to the effect that a soil analysis test was substituted for percolation tests as the sole means of determining whether an on-site sewage system could be approved. Under the soil analysis test, a septic tank system could not be approved for the property.

On 14 August 1980, James M. Ross made an offer to purchase the property from plaintiffs. After being informed on 27 August 1980 by the Durham County Health Department that the property was unsuitable for the installation of a septic tank system, Ross withdrew his offer. Prior to this date, neither plaintiffs nor defendants were aware that such a system would not be approved for the property. Plaintiffs demanded that defendants refund the $9,500 purchase price, and defendants refused. Plaintiffs then brought an action for rescission, with the result being judgment for defendants. From that judgment, plaintiffs appeal.

*J. Kirk Osborn for plaintiff-appellants.*

*Spears, Barnes, Baker & Hoof, by Alexander H. Barnes, for defendant-appellees.*

ARNOLD, Judge.

[1]  Plaintiffs contend that the trial court erred in denying their claim for breach of an implied warranty. They rely on the language of *Hinson v. Jefferson,* 287 N.C. 422, 215 S.E. 2d 102 (1975), in which the court stated:

> [W]here a grantor conveys land subject to restrictive covenants that limit its use to the construction of a single-family dwelling, and, due to subsequent disclosures, both unknown to and not reasonably discoverable by the grantee before or at the time of conveyance, the property cannot be used by the grantee, or by any subsequent grantee through mesne conveyance, for the specific purpose to which its use is limited by the restrictive covenants, the grantee breaches an implied warranty arising out of said restrictive covenants. 287 N.C. at 435, 215 S.E. 2d at 111.

For plaintiffs to prevail on the implied warranty question they must first show that the property cannot be used for residential purposes. We note that while it has been proven that the property will not support an approved septic tank system, and cannot be connected to an approved public or community sewage system, both permitted by G.S. 130-160 to indicate suitability for residential use, there has been no clear showing that a privy cannot be approved for the property.

Assuming, however, that a privy could not be approved, we find that plaintiffs have failed to show that the subsequent disclosure that the property is not suitable for a septic tank system, and the fact that there is no public system to which the property could be connected, were "both unknown to and not reasonably discoverable by them," as is required by *Hinson v. Jefferson, supra.* In fact, the record shows that these facts were reasonably discoverable by plaintiffs. Plaintiffs lived on a lot which adjoined the property and were, therefore, familiar with its topography. They knew that the property is gullied and sloped and contains a wet weather creek. Moreover, defendants, plaintiffs' grantors, asked the county health department to examine the property to determine if it could support a septic tank system before they bought it. Plaintiffs' intended grantee, James Ross, did the same. Certainly plaintiffs themselves could have asked the health department to make the same investigation. We find that

the fact that the property could not be used for residential purposes was reasonably discoverable by plaintiffs. Their claim for breach of an implied warranty was properly denied.

[2] Plaintiffs next contend that they were entitled to a rescission of the deed in that the parties were mutually mistaken as to the suitability of the property for an on-site sewage system. Just as *Hinson v. Jefferson* is controlling on the implied warranty question before us, it also answers any question about mutual mistake. In that case, the court stated:

> [b]ecause of the uncertainty surrounding the law of mistake we are extremely hesitant to apply this theory to a case involving the completed sale and transfer of real property. Its application to this type of situation might well create an unwarranted instability with respect to North Carolina real estate transactions and lead to the filing of many nonmeritorious actions. Hence, we expressly reject this theory as a basis for rescission. 287 N.C. at 432, 215 S.E. 2d at 109.

We find that plaintiffs' contention is without merit, as the mutual mistake theory has been expressly rejected by the court in *Hinson, supra.* The order by the trial court denying plaintiffs' rescission of the deed is

Affirmed.

Judges HILL and BRASWELL concur.